UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X

MARY VOORHEES,

                    Plaintiff,

     -against-                                    05 Civ. 1407 (KMW)(HBP)

GLENN S. GOORD, Comm'n, New York State            ORDER
Dep't of Corr. Servs. ("DOCS"), JANE DOE,
DOCS Personnel Supervisor, JOHN DOE, Dep't
Supt. Sec. & Admin, Bedford Hills Corr.
Facility, JANE DOE, Personnel Supervisor,
Bedford Hills Corr. Facility, J. MALLOY,
Inmate Grievance Program Supervisor,
Bedford Hills Corr. Facility, PATRICIA
MCHUGH, Civilian Librarian, Bedford Hills
Corr. Facility,

                    Defendants.

-----------------------------------------X
WOOD, U.S.D.J.:

     By letter dated June 14, 2006, Plaintiff, pro se and

incarcerated, requests an extension of time to respond to

Magistrate Judge Henry B. Pitman's Report and Recommendation,

dated June 7, 2006 (the "June Report"), and also requests that

the Court appoint her counsel.  The June Report recommends sua

sponte that this action be dismissed as to: 1) the remaining

individual defendants, namely Jane Doe, DOCS Personnel

Supervisor, John Doe, Dep't Supt. Sec. & Admin, Bedford Hills

Corr. Facility, Jane Doe, Personnel Supervisor, Bedford Hills

Corr. Facility, and J. Malloy, Inmate Grievance Program

Supervisor, Bedford Hills Corr. Facility, for failure to complete

service as to these defendants, and 2) Bedford Hills, to the

extent Plaintiff attempts to assert claims against Bedford Hills, because the latter is not a suable entity.

By Report and Recommendation, dated February 24, 2006 (the "February Report"), Magistrate Judge Pitman recommended that the motion to dismiss the amended complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, brought by Defendants Glenn S. Goord and Patricia McHugh, be granted and that Plaintiff's amended complaint be dismissed as to Defendants Goord and McHugh with prejudice and without leave to replead. The February Report also recommended that Plaintiff's conclusory request, in her amended complaint, for appointment of counsel be denied. By Order to Show Cause, dated February 23, 2006 ("Order to Show Cause"), Magistrate Judge Pitman noted that, according to the Court's records, only defendants Goord and McHugh had been served, and ordered Plaintiff to complete service of the summons and complaint on all defendants, or show good cause for failing to do so, by April 24, 2006. Plaintiff filed no objections to the February Report, and did not file any response to the Order to Show Cause.

In her June 14, 2006, letter, Plaintiff claims that "most of the defendants" (other than Goord and McHugh) have been served. She states that she does not "remember the name of the 'Bedford Hills Corr. Fac. Dep't Supt. Sec & Admin.' that was served nor the other 'Jane and John Does listed'" but asserts that

"[h]owever, they were served." She further claims that she "sent everything," including "the U.S. Marshal's receipts of service on the defendants in this case," to Joanne Dwyer, Esq., whom she thought was "going to be handling this case." Plaintiff therefore asks for an extension of time to file objections to the June Report, so that she may contact Ms. Dwyer and retrieve the papers, relating to this case, which Plaintiff allegedly sent her. Finally, Plaintiff makes a request for the appointment of counsel, stating that she has not been able to find, and does not have the funds to retain, counsel.

As explained by Magistrate Judge Pitman in the February Report, at 28-29, the Court cannot "appoint" counsel for a litigant in a civil case; rather, when the Court finds it appropriate, the Court may submit the case to a panel of volunteer attorneys, who then consider the case and decide whether to volunteer to represent the plaintiff – but the Court cannot command counsel to represent the plaintiff, see generally Mallard v. United States District Court, 490 U.S. 296 (1989). Applications for pro bono counsel in civil cases should not be granted "indiscriminately." Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172 (2d Cir. 1989). When ruling on such an application, a court must consider several factors, including "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, [the plaintiff's] efforts to obtain a

lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." Id. Of particular importance is the requirement that plaintiff "first pass the test of likely merit." Id. at 173. "Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." Id. at 172 (internal quotation marks omitted).

Plaintiff has requested that counsel be appointed to assist her in filing objections to the June Report; Plaintiff did not request that counsel be appointed to assist her in filing objections to the February Report, and she did not file objections to the February Report. Thus, in ruling on Plaintiff's application for pro bono counsel, the Court considers only the merits of her case as to the individual defendants other than Goord and McHugh ("Remaining Defendants") (and Bedford Hills, to the extent Plaintiff attempts to assert claims against it). In light of Plaintiff's failure to either file proof of service as to the Remaining Defendants, submit a request for an extension of time to serve, explain her failure to complete service, or otherwise respond in any way to the Order to Show Cause, it appears that Plaintiff's chances of success as to the Remaining Defendants are very slim. On the other hand, to the extent that Plaintiff claims that she believed that an attorney was handling the matter, and that Plaintiff did complete service

4

on the Remaining Defendants, and simply needs to retrieve and file the proofs of service, this is not an issue of such legal complexity as to warrant the submission of this case to a panel of volunteer lawyers. (And to the extent that Plaintiff attempts to assert any claims against Bedford Hills, such claims are of little merit because Bedford Hills does not appear to be a suable entity.)[1]

In light of the above, the Court denies Plaintiff's request, in response to the June Report, for the appointment of counsel. However, the Court grants Plaintiff's request for an extension, until July 28, 2006, to file objections to the June Report.

SO ORDERED.

Dated:    New York, New York
        ~~June~~  , 2006
        July 5

                         Kimba M. Wood
               United States District Judge

Copies of this Order have been mailed to pro se plaintiff and counsel for the defendants.

---

[1] Furthermore, even if Plaintiff's request for counsel could be construed as extending to filing objections to the February Report, the Court finds that Plaintiff's claims against Goord and McHugh are of dubious merit, as set forth in the February Report.

5